

1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
703.243.9423
www.consovoymccarthy.com

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
James R. Browning Courthouse
95 Seventh Street
San Francisco, CA 94103

**Re:** ***Republican National Committee v. Google Inc. and Google LLC,***
**No. 24-5358**

Dear Ms. Dwyer:

On August 26, Google filed Rule 28(j) letter concerning *State ex rel. Yost v. Google LLC*, No. 21-CV-H-06-0274 (Ohio C.P. Aug. 15, 2025). For two reasons, *Yost* does not support Google's claim that its Gmail service "is not a common carrier." *Contra* Doc.66 at 1.

First, *Yost* is a summary-judgment order. Based on the "undisputed facts" at summary judgment, the court found that "the evidence" in that case shows that Google Search "does not transport products for others" and doesn't "treat[] each of its users indifferently." Op.10-13. This case, however, is still at the pleading stage. In *Yost*, the court acknowledged at the pleading stage that "[h]ow Google Search functions and the structure and operations of its business are evidentiary issues that could have a strong bearing on the question of whether Google Search is a common carrier." *State v. Google LLC*, 2022 WL 1818648, at *4 (Ohio Com. Pl.). *Yost*'s evidentiary findings about Google Search on summary judgment don't defeat the RNC's plausible allegations that Google offers to carry emails indiscriminately through its Gmail service.

Second, while *Yost* "concerns Google Search," *id.* at *1, this case concerns Gmail. The court found in *Yost* that "Google Search creates its own product when it responds to a user's inquiry," unlike "other types of recognized common carriers." Op.11. Gmail, by contrast, does "not create a product; it move[s] a product." *See* Op.11. At a minimum, Gmail *offers* to "carry," "transmit," and "transport" users' messages, ER.161-63, which is what matters under California's common-carrier test, *see* Blue Br.33-37.

The RNC cited *Yost* for the basic proposition that Ohio pled that "Google Search is a common carrier partly because for that service, 'Google carries information.'" Blue Br.35. If Ohio stated a common-carrier claim on those allegations, the RNC states a common-carrier claim that Gmail—a much more obvious user-to-user carrying

platform than Google Search—is a common-carrier. Nothing about the court's summary judgment order defeats that reasoning. To the contrary, *Yost* confirms that Google continues to "defend[] the district court's 12(b)(6) dismissal with summary-judgment arguments." Gray Br.1.

Dated: September 2, 2025

Respectfully submitted,

/s/ *Thomas R. McCarthy*
Thomas R. McCarthy
CONSOVOY MCCARTHY PLLC

## CERTIFICATE OF COMPLIANCE

This letter complies with the type-volume limitation of Federal Rule of Appellate Procedure 28(j) because it contains 345 words and has been prepared in a proportionally spaced typeface using Microsoft Word (the same program used for the word count).

Dated: September 2, 2025            Respectfully submitted,

                                     */s/ Thomas R. McCarthy*
                                     Thomas R. McCarthy

## CERTIFICATE OF SERVICE

I certify that on September 2, 2025, I electronically filed this letter with the Clerk of the Court for the United States Court of Appeals by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: September 2, 2025            Respectfully submitted,

                                     */s/ Thomas R. McCarthy*
                                     Thomas R. McCarthy