**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> GOOGLE INC.; GOOGLE LLC, <br><br> Defendants - Appellees. | No. 24-5358 <br><br> D.C. No. 2:22-cv-01904-DJC-JDP <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Daniel J. Calabretta, District Court, Presiding

Argued and Submitted October 7, 2025
Honolulu, Hawaii

Before: McKEOWN, FRIEDLAND, and SUNG, Circuit Judges.

The Republican National Committee ("RNC") alleges that Google diverted RNC emails to Gmail users' spam folders for a short period each month from February to September 2022. Although the RNC is not a Gmail user, it brings several state law claims against Google under the California common-carrier

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

statute, the Unruh Civil Rights Act, the Unfair Competition Law ("UCL"), and for intentional and negligent interference with prospective economic relations. The district court dismissed those claims with prejudice for failure to state a claim. We review de novo the decision to dismiss for failure to state a claim. *Osheske v. Silver Cinemas Acquisition Co.*, 132 F.4th 1110, 1113 (9th Cir. 2025). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The RNC fails to state a California common-carrier claim because it does not allege a "special relationship" with Google. *McGettigan v. Bay Area Rapid Transit Dist.*, 57 Cal. App. 4th 1011, 1017 (1997). Such a relationship requires an intent to "become a passenger," and "some action indicating acceptance of" the person or goods to be transported, and it extends to "carriage-related activities only." *Simon v. Walt Disney World Co.*, 114 Cal. App. 4th 1162, 1170 (2004) (citation modified); Cal. Civ. Code § 2168 (a common carrier is a business that "offers to the public to carry persons, property, or messages"). As an initial matter, the relationship between an email sender and Google is an imperfect fit for the traditional carrier-passenger framework, and the RNC cites no authority extending California common-carrier regulations to the email context. But even assuming Google is a "carrier" of the RNC's emails, the RNC's claim would still fail. The relevant activity here is Google's alleged email filtering—a service that Google provides to its users. The RNC, however, alleges that it is not a Gmail user, and

that it does not use Gmail to "send" messages. These allegations do not show that the RNC intended to use Google's carriage-related services to the extent Google provides any.

The RNC similarly fails to allege a "special relationship" as required to state a claim for negligent interference with prospective economic relations. *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 804 (1979). For parties not in privity, the special relationship inquiry turns on six factors:

> (1) [T]he extent to which the transaction was intended to affect the plaintiff, (2) the foreseeability of harm to the plaintiff, (3) the degree of certainty that the plaintiff suffered injury, (4) the closeness of the connection between the defendant's conduct and the injury suffered, (5) the moral blame attached to the defendant's conduct[,] and (6) the policy of preventing future harm.

*Id.* Several factors weigh against a special relationship. The RNC does not allege that it was a "specifically intended beneficiar[y]" of Google's transactions with its users. *See Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 407 (1992). The RNC provides little certainty about the extent of any economic harm or the harm's connection to Google's conduct. And imposing a duty of care would risk deterring beneficial spam filtering activity—something that "outweigh[s]" prevention of the limited harms asserted here. *Kesner v. Super. Ct.*, 1 Cal. 5th 1132, 1150 (2016). Although a risk of harm to the RNC arguably was foreseeable, "foresight alone" does not provide a "judicially acceptable" basis for liability. *Bily*, 3 Cal. 4th at 399 (quoting *Thing v. La Chusa*, 48 Cal. 3d 644, 668 (1989)).

The RNC lacks statutory standing to assert its next claim for unlawful discrimination under the Unruh Civil Rights Act.\*\* A plaintiff who has transacted with a defendant and who has been subject to discrimination has standing under the Act. *Gilbert v. 7-Eleven, Inc.*, 157 F.4th 1057, 1068 (9th Cir. 2025) (quoting *White v. Square, Inc.*, 7 Cal. 5th 1019, 1025 (2019)). The RNC's Unruh Act claim arises under Section 51(b), Cal. Civ. Code § 51(b), so *White* applies. *See White*, 7 Cal. 5th at 1025 (addressing claim under Section 51(b)). To establish statutory standing in cases involving "an online business" with which "the plaintiff did not actually transact," the plaintiff "must allege" that it "visited the business's website, encountered discriminatory terms, and intended to make use of the business's services." *Gilbert*, 157 F.4th at 1067–68 (quoting *White*, 7 Cal. 5th at 1032). The RNC did not transact with Gmail, does not allege that it intended to sign up for Gmail services or that it encountered discriminatory terms, and does not allege that it was a user or prospective user of Gmail. Accordingly, the RNC cannot establish Unruh Act standing.

The RNC's claim for injunctive relief under the UCL also fails. To obtain

---

\*\* The district court appropriately raised this deficiency sua sponte. The parties extensively briefed the nature of their relationship, and it is well established that a district court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim." *E.g.*, *Wong v. Bell,* 642 F.2d 359, 361 (9th Cir. 1981).

injunctive relief under the UCL, the RNC must plausibly allege "a threat of continuing misconduct." *Madrid v. Perot Sys. Corp.*, 130 Cal. App. 4th 440, 463 (2005). But the RNC alleges that any email diversion issue "stopped" in October 2022, and it pleads no facts regarding a threat of future misconduct. "[U]nder California law," the RNC therefore "cannot receive an injunction." *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1123 (9th Cir. 1999), *abrogated in part on other grounds by eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Because its other claims fail, the RNC cannot sustain its remaining claim for intentional interference with prospective economic relations. It can point to no "independently wrongful act[s]" proscribed by a "determinable legal standard," as required for liability to attach. *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal. 5th 1130, 1142 (2020) (quoting *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003)).

**AFFIRMED.**